IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **COOSA CABLE CO., INC.,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**ROY JERRY WOOD, JR.** )<br>)<br>Defendant. ) | Civil Action No.: **CV-04-PT-2921-M** |

## MEMORANDUM OPINION

This cause comes on to be heard upon plaintiff Coosa Cable Co., Inc.'s Motion for Summary Judgment, filed on January 19, 2005.

### FACTS[1] AND PROCEDURAL HISTORY

Plaintiff Coosa Cable Co., Inc. ("Coosa Cable") is an Alabama corporation with its principal place of business at 1701 Cogswell Avenue, in Pell City, Alabama. (Cmpt. ¶ 1). Defendant Roy Jerry Wood, Jr. ("Wood") is an individual residing at 20 Stillwater Cove, Riverside, Alabama. (*Id.* at ¶ 2).

Coosa Cable provides cable and cable modem services to various communities in and around Pell City, Alabama. (Smith Affid. ¶ 3). The company's system provides cable television services in Riverside, Alabama, where Wood resides. (*Id.*) Coosa Cable charges its subscribers in Riverside $27.97 per month for the company's basic cable service, which includes 52 channels. (*Id.* at ¶ 4). When a subscriber wishes to receive Coosa Cable's cable television services, he or she must first arrange with Coosa Cable to open an account. (*Id.*)

---

[1] The court notes where "facts" appear disputed.

1

Coosa Cable's cable system receives its programming from orbiting satellites and over-the-air broadcast stations. (Smith Affid. ¶ 5). The company transmits these signals to subscribers' homes through a network of cable wiring and equipment. (*Id.*) In the area where Wood resides, Coosa Cable has a main feeder cable that runs underground. (Smith Affid. ¶ 6). Coaxial cable "drops" are connected to the main feeder cable and run up into above-ground "pedestals" at each residence. (*Id.*) These drops are the physical connection between the cable system and an individual subscriber's residence. (*Id*). A pedestal is a sealed metal box, fixed in the ground at its base. (*Id.*) Inside each pedestal is a "tap," which is a metal connector plate. (*Id.*) When a drop is connected to a tap at a residence, the home can receive Coosa Cable's services. (*Id.*)

Lexie Smith ("Smith"), the Director of Theft Prevention at Coosa Cable, testified that no one at Wood's residence has had an active account with Coosa Cable since May 31, 2004, when Coosa Cable disconnected the account of a previous subscriber at the address. (Smith Affid. ¶ 7). According to Smith, Wood has never opened an account with Coosa Cable for the 20 Stillwater Cove address. (*Id.*)

Tim Mitchell ("Mitchell"), Coosa Cable's Chief Technician, testified that, on June 30, 2004, he saw that the Coosa Cable pedestal located at the 20 Stillwater Cove address had been opened, and an unauthorized connection had been made between the drop and the tap. (Mitchell Affid. ¶ 3). This unauthorized drop, Mitchell testified, allowed the residence to intercept and receive Coosa Cable's basic cable television services. (*Id.* at ¶ 4). Mitchell disconnected the unauthorized drop and had a technician place a new lock on the pedestal. (*Id.* at ¶ 5).

According to Mitchell, on September 2, 2004, he again discovered that Wood had

connected an unauthorized drop at the 20 Stillwater Cove address. (Mitchell Affid. ¶ 6). Mitchell testified that he disconnected the second unauthorized drop and put a new lock on the pedestal. (*Id.* at ¶ 7). He also hung on Wood's front door knob a Coosa Cable door hanger with handwritten information about cable theft and directions for obtaining services legally. (*Id.*)

Mitchell testified that he returned to 20 Stillwater Cover on September 9, 2004, accompanied by Coosa Cable Technician Danney Mitchell. (Mitchell Affid. ¶ 8). During this visit, they discovered that the pedestal at the residence had been damaged beyond repair and a third unauthorized drop had been connected. (*Id.*) According to Tim Mitchell, Danney Mitchell called the Riverside Police, and an officer arrived and completed an Alabama Uniform Incident/Offense Report detailing the unauthorized drop. (*Id. at* ¶¶ 9-10).[2] While the officer was present, Tim Mitchell photographed pedestal. (*Id.* at ¶ 11).[3]

Smith asserted that Coosa Cable has no way of knowing when the three unauthorized drops were made at Wood's residence between June 2004 and September 2004. (Smith Affid. ¶ 8). However, Smith testified that, during these months, Wood would have had to pay at least four monthly installments of $27.97 and a $25.00 connection fee in order to obtain these services with Coosa Cable's authorization. (*Id.*)

Coosa Cable filed the current action on October 5, 2004. The Complaint contains three counts: (1) Count One – Complaint for Injunctive Relief;[4] (2) Count Two – Complaint for

---

[2] Plaintiff has attached a copy of the police report to Mitchell's affidavit.

[3] Plaintiff has attached copies of those photographs to Mitchell's affidavit.

[4] Count One states:

  47 U.S.C. § 553(a)(1) ("Unauthorized reception of cable service") provides:

Statutory Damages;[5] and (3) Count Three – Complaint for Costs and Attorneys' Fees.[6]

---

> No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.
>
> 47 U.S.C. § 553(c) provides:
>
> (1) Any person aggrieved by any violation of subsection (a)(1) of this section may bring a civil action in a United States district court or in any other court of competent jurisdiction.
>
> (2) The court may--
> (A) grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a)(1) of this section . . .
>
> By using the Unauthorized Drops to intercept and receive the cable television services that Coosa Cable provides over its cable system, without Coosa Cable's specific authorization or as specifically authorized by law, Defendant has repeatedly violated subsection (a)(1) of 47 U.S.C. § 553.
>
> Because Defendant has repeatedly violated subsection (a)(1) of 47 U.S.C. § 553, Coosa Cable is entitled to a permanent injunction enjoining Defendant from intercepting or receiving Coosa Cable's cable television services without Coosa Cable's specific authorization.
>
> Coosa Cable requests that the Court enter an Order of Permanent Injunction enjoining Defendant from intercepting and receiving Coosa Cable's cable television services without Coosa Cable's specific authorization.

(Cmpt. ¶¶28-32).

[5] Count Two states:

> 47 U.S.C. § 553(c)(3)(A) provides:
>
> Damages awarded by any court under this section shall be computed in accordance with either of the following clauses: . . .
>
> (ii) the party aggrieved may recover an award of statutory damages for all violations involved in the action, in a sum of not less than $250 or more than $10,000 as the court considers just.

> By using the Unauthorized Drops to intercept and receive the cable television services that Coosa Cable provides over its cable system, without Coosa Cable's specific authorization or as specifically authorized by law, Defendant has violated 47 U.S.C. § 553(a)(1).
>
> Because Coosa Cable is unable to determine when the Unauthorized Drops were connected, it is difficult or impossible to determine the extent of Defendant's unauthorized interception and reception with any degree of accuracy.
>
> Because Defendant has repeatedly violated 47 U.S.C. § 553(a)(1), and it is difficult or impossible to determine the extent of Defendant's unauthorized interception and reception of Coosa Cable's cable services, Coosa Cable is entitled to statutory damages.
>
> Because Defendant has repeatedly broken into Coosa Cable's facilities to intercept and receive Coosa Cable's cable television services without authorization, 47 U.S.C. § 553(c)(3)(A)(ii) and interpretive case law entitle Coosa Cable to statutory damages in the amount of $5,000.
>
> Coosa Cable requests that the court hold Defendant liable to Coosa Cable for statutory damages in the amount of $5,000.

(Cmpt. ¶¶ 34-39).

    [6] Count Three states:

> By using the Unauthorized Drops to intercept and receive the cable television services that Coosa Cable provides over its cable system, without Coosa Cable's specific authorization or as specifically authorized by law, Defendant has violated subsection (a)(1) of 47 U.S.C. § 553.
>
> 47 U.S.C. § 553(c)(2) provides that where a defendant has violated subsection (a)(1) of 47 U.S.C. § 553:
>
> The court may– . . .
>
> (C) direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.
>
> Because Defendant has violated subsection (a)(1) of 47 U.S.C. § 553, Coosa Cable is entitled to an award of costs and attorneys' fees.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted based upon facts developed through pleadings, discovery, and supplemental affidavits, etc., if together, they show that there is no genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the initial burden of explaining the basis of his motion. *Celotex*, 477 U.S. at 323. "It is never enough [for the movant] simply to state that the non-moving party could not meet their burden at trial." *Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000) (quotation omitted). The non-moving party then bears the burden of pointing to specific facts demonstrating that there is a genuine issue of fact for trial. *Celotex*, 477 U.S. at 324. The non-moving party "must either point to evidence in the record or present additional evidence 'sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.'" *Hammer v. Slater*, 20 F.3d 1137, 1141 (11th Cir. 1994) (quotation omitted).

---

(Cmpt. ¶¶ 41-43).

In its Motion for Summary Judgement, Coosa Cable asks that Wood be held liable for $4,411.21 in attorney's fees and costs, plus fees and costs incurred following the filing of the Motion.

Defendant mailed his response to the Complaint to plaintiff's counsel on or about October 26, 2004. In a handwritten note, defendant stated:

> To whom it may concern:
>
> I am not guilty of these charges.
>
> Please do not continue to harrass (*sic*) me.

Summary judgment is required where the non-moving party merely repeats its conclusory allegations, unsupported by evidence showing an issue for trial. *Comer v. City of Palm Bay,* 265 F.3d 1186, 1192 (11th Cir. 2001) (citation omitted).

Summary judgment will not be granted until a reasonable time has been allowed for discovery. *Comer*, 265 F.3d at 1192. Moreover, "[w]hen deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party." *Korman v. HBC Florida, Inc.*, 182 F.3d 1291, 1293 (11th Cir. 1999). Finally, the trial court must resolve all reasonable doubts in favor of the non-moving party, although it need not resolve all doubts in a similar fashion. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).

## ARGUMENTS[7]

**I.    Plaintiff's Motion.**

Plaintiff asserts that it is entitled to summary judgement because it has shown as a matter of law that defendant repeatedly violated 47 U.S.C. § 553(a)(1).

**A.    Defendant Violated 47 U.S.C. § 553(a)(1).**

Plaintiff states that § 553 of the Cable Act prohibits unauthorized interception or receipt of cable services and establishes criminal and civil sanctions for violations. According to plaintiff, Congress found that cable theft posed a "major threat to the economic viability of cable operators . . . and creates unfair burdens on cable subscribers who are forced to subsidize" theft of cable services. H.R. Rep. No. 98-934, at 83 (1984), *reprinted in* 1984 U.S.C.C.A.N. 4655,

---

[7] This section summarizes the arguments made by the parties and does not necessarily reflect the conclusions reached by the court.

4720.  Accordingly, plaintiff asserts, subsection (a)(1) of 47 U.S.C. § 553 provides:

> No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

Plaintiff argues that defendant repeatedly violated this provision by intercepting and receiving the cable services offered over Coosa Cable's cable system without authorization and without payment to the company.

### 1. Defendant Is Intercepting and Receiving Communications Services Offered Over Coosa Cable's Cable System.

According to plaintiff, Mitchell's testimony, along with the photographs and Alabama Uniform Incident/Offense Report authenticated by his affidavit, conclusively show that defendant attached the unauthorized drops at his residence.  Plaintiff argues that the existence of the unauthorized drops is sufficient proof that defendant is intercepting and receiving communications services offered over Coosa Cable's cable system.  Evidence of actual interception or reception, plaintiff maintains, is unnecessary to prove a violation of § 553, even in a criminal case.  *See United States v. Beale*, 681 F.Supp. 74, 75 (D. Me. 1988) (finding that "proof of actual interception or reception is unnecessary, provided there has been proof of willful manufacture or distribution of equipment intended for unauthorized use in the interception or reception of a cable communications service").

Plaintiff concludes that the only conceivable use for the unauthorized drops was to provide a connection from Coosa Cable's cable system to defendant's residence so that defendant could intercept and receive the company's services.  Because Coosa Cable took no part in connecting the unauthorized drops to defendant's residence, plaintiff argues, the only possible

conclusion is that defendant connected and was using the unauthorized drops to intercept and receive the company's services without payment.

### 2. Defendant Is Not Authorized to Intercept or Receive Coosa Cable's Cable Television Services.

Plaintiff asserts that it requires subscribers to establish an account with the company before it will provide them with cable services. Plaintiff further maintains that no one has had an active account with the company for defendant's residence since My 31, 2004. Defendant, according to plaintiff, has never arranged to open an account with Coosa Cable for the 20 Stillwater Cove residence. Additionally, plaintiff asserts that there is no applicable law that authorizes defendant to intercept and receive its services.

### B. Coosa Cable Is Entitled to Permanent Injunctive Relief Under 47 U.S.C. § 553(c)(2)(A).

Plaintiff argues that 47 U.S.C. § 553(c)(2)(A) explicitly authorizes injunctive relief as a remedy for a violation of 47 U.S.C. § 553(a)(1). Subsection (c) of 47 U.S.C. § 553 provides:

> (1) Any person aggrieved by any violation of subsection (a)(1) of this section may bring a civil action in a United States district court or in any other court of competent jurisdiction.
> (2) The court may--
>   (A) grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a)(1) of this section; . . .

According to plaintiff, courts have consistently granted permanent injunctive relief for violations of 47 U.S.C. § 553(a)(1). *See International Cablevision, Inc. v. Cancari*, 960 F.Supp. 28, 32 (W.D.N.Y. 1997) (permanently enjoining defendant from future violations of 47 U.S.C. § 553(a)(1)); *American Cablevision of Queens v. McGinn,* 817 F.Supp. 317, 320-21 (E.D.N.Y. 1993) (permanently enjoining defendant from intercepting or receiving unauthorized cable

9

television services). Plaintiff concludes that it has established that defendant repeatedly violated 47 U.S.C. § 553(a)(1) and, therefore, it is entitled to a permanent injunction against defendant under 47 U.S.C. § 553(c)(2)(A).

> **C.** **Coosa Cable Is Entitled to Statutory Damages Under 47 U.S.C. § 553(c)(3)(A).**

Subsection (c)(3)(A) of 47 U.S.C. § 553 states:

> Damages awarded by any court under this section shall be computed in accordance with either of the following clauses:
> (i) the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages; in determining the violator's profits, the party aggrieved shall be required to prove only the violator's gross revenue, and the violator shall be required to prove his deductible expenses and the elements of profit attributable to factors other than the violation; or
> (ii) the party aggrieved may recover an award of statutory damages for all violations involved in the action, in a sum of not less than $250 or more than $10,000 as the court considers just.

Plaintiff argues that, because the company is unable to determine when the unauthorized drops were connected, it is difficult or impossible to determine the extent of defendant's unauthorized interception and reception with any degree of accuracy. Therefore, plaintiff asserts, statutory damages are appropriate under the statute. *See Cablevision Systems New York City Corp. v. Lokshin*, 980 F.Supp. 107, 112 (E.D.N.Y. 1997) (finding that "[s]tatutory damages are appropriate because of the difficulty in determining the extent of [the defendant's] unauthorized use with any degree of accuracy"). Further, plaintiff contends, significant statutory damages are just under subsection (c)(3)(A)(ii) because defendant's violations were willful. Plaintiff points to the evidence that defendant broke the seal on Coosa Cable's pedestal the first time he connected the unauthorized drop, and broke the lock off the pedestal the subsequent two times he connected

10

the unauthorized drop. In fact, plaintiff asserts, courts have even awarded enhanced statutory damages under subsection (c)(3)(B) for willful violations of § 553. *See Lokshin*, 980 F.Supp. at 115 (awarding basic statutory damages of $10,000 and enhanced statutory damages of $10,000 under § 553(c)(3)(B) for a willful violation); *Home Box Office v. Gee-Co Inc.*, 838 F.Supp. 436, 440 (E.D. Mo. 1993) (increasing damages for willfulness of violation). For these reasons, plaintiff concludes, it is entitled to statutory damages in the amount of $5,000.

### D. Coosa Cable Is Entitled to Costs and Attorneys' Fees Under 47 U.S.C. § 553(c)(2).

Subsection (c)(2)(C) of 47 U.S.C. § 553 provides that, where a defendant has violated subsection (a)(1), the court may "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." According to plaintiff, courts have regularly awarded prevailing plaintiffs costs and attorneys' fees in § 553 cases. *See Cancari*, 960 F.Supp. at 32 (awarding fees and costs of $1,925); *McGinn,* 817 F.Supp. at 320 (awarding reasonable attorneys' fees). Plaintiff points to the testimony of Nicole E. Paolini, plaintiff's counsel, that Coosa Cable has thus far incurred and paid $4,411.21 in costs and attorney's fees directly related to this action. (Paolini Affid. ¶ 3). Plaintiff contends that it is entitled to an award of these fees and costs under 47 U.S.C. § 553(c)(2) and interpretive case law.

## II. Defendant's Response.

Defendant failed to respond to plaintiff's Motion for Summary Judgment.

## CONCLUSIONS OF THE COURT

Plaintiff's Motion will be granted. Within ten days, plaintiff will file a proposed order concerning this Motion. Defendant will have seven days to object as to form. The court reserves

11

judgment as to penalties, costs, fees, etc. to be awarded.

This 1st of March, 2005.

                                  **ROBERT B. PROPST**
                       **SENIOR UNITED STATES DISTRICT JUDGE**